NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID HOWARD WELCH,<br>MARC JAY BRYANT,<br>JOHN CHARLES KNIGHT,<br>PERRY DOUGLAS WEST,<br>BIO-GLOBAL RESOURCES, INC.,<br>DIVERSIFIED EQUITIES, INC.,<br>DIVERSIFIED EQUITIES DEVELOPMENT, INC.,<br>and NEW GLOBAL ENERGY, INC.,<br><br>Defendants. | Case No. 5:17-cv-01968-JFW (AGRx)<br><br>**ORDER ON STIPULATION FOR PROTECTIVE ORDER**<br><br>Ctrm: 7A<br>Judge: Hon. John F. Walter |

## ORDER

The Stipulation For Protective Order ("Stipulation") made by and among Plaintiff Securities and Exchange Commission ("SEC"), and Defendants Perry Douglas West and New Global Energy Inc. (referred to as the "Parties"), by and through their respective counsel of record, having been considered by this Court and

good cause appearing therefore, the Court ORDERS as follows:

1. The Stipulation is approved in its entirety.

2. Confidential Information shall be disclosed only to the Parties to this action, their counsel and their counsel's paralegals, their experts, necessary non-party witnesses, court personnel, and the jury.

3. The Parties to this action and their counsel shall keep the Confidential Information confidential and shall in no way divulge it to any person or entity, except to such experts, consultants and non-party witnesses to whom the records and their contents shall be disclosed solely for the purpose of properly preparing for and trying the action.

4. The Parties acknowledge that this Order does not entitle them to seal all Confidential Information filed with the Court.

5. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document; and/or (b) following the procedures in Local Rules 79-5 and 79-6. ~~where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, and including a declaration identifying the Confidential Information contained in the document and explaining why the document is sealable.~~

6. If a party challenges another party's designation of Confidential Information, the challenging party shall notify the designating party in writing. Within 5 days of written notice being provided, the parties shall confer about the

1 designation. If the parties are unable to resolve the dispute after conferring, the
2 challenging party may file a motion with the Court, requesting an Order stating that
3 the disputed information is not Confidential Information. The information designated
4 as Confidential Information shall be treated as such during the pendency of the
5 motion challenging the designation.

6     7. The terms of this protective order do not preclude, limit, restrict, or
7 otherwise apply to the use of documents at court proceedings. Subject to the Federal
8 Rules of Evidence, a document containing Confidential Information may be offered
9 into evidence at trial or any court hearing, provided that the proponent of the
10 evidence gives five (5) days advance notice to opposing counsel of the intended use
11 of the document as may be required by a scheduling or other order. Any party may
12 move the Court for an order that the confidential document be received in camera or
13 under other conditions to prevent unnecessary disclosure. The Court will then
14 determine whether the proffered evidence should continue to be treated as a
15 confidential document and, if so, what protection(s) may be afforded to such
16 information at the ~~trial or~~ hearing. *This order does not govern trial.* [AGR]

17     8. This Order does not apply to court personnel and jurors.
18     SO ORDERED.

19 Dated: January 5, 2018

                                      BY THE COURT:

                                      *Alicia G. Rosenberg*
                                      ~~John F. Walter~~
                                      UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE