NOTE CHANGES MADE BY COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID HOWARD WELCH,<br>MARC JAY BRYANT,<br>JOHN CHARLES KNIGHT,<br>PERRY DOUGLAS WEST,<br>BIO-GLOBAL RESOURCES, INC.,<br>DIVERSIFIED EQUITIES, INC.,<br>DIVERSIFIED EQUITIES DEVELOPMENT, INC.,<br>and NEW GLOBAL ENERGY, INC.,<br><br>Defendants. | Case No. EDCV 17-1968-JFW (AGRx)<br><br>**FINAL JUDGMENT AS TO DAVID HOWARD WELCH, MARC JAY BRYANT, BIO-GLOBAL RESOURCES, INC., AND DIVERSIFIED EQUITIES DEVELOPMENT, INC.** |

In accordance with the Court's Order Granting Motion for Default Judgment Against Defendants David Howard Welch, Marc Jay Bryant, Bio-Global Resources, Inc., and Diversified Equities Development, Inc., dated June 11, 2018 [Docket No. 61], judgment is entered on the motion of the Securities and Exchange Commission ("SEC" or "Commission") for default judgments against Defendants David Howard

Judgment as to Welch, Bryant, Bio-Global and
Diversified Equities Development, Inc.

1

Welch, Marc Jay Bryant, Bio-Global Resources, Inc., and Diversified Equities Development, Inc.

**I.**

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants David Howard Welch, Marc Jay Bryant, Bio-Global Resources, Inc., and Diversified Equities Development, Inc. are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with

anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants David Howard Welch, Marc Jay Bryant, Bio-Global Resources, Inc., and Diversified Equities Development, Inc. are each permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or while Defendants are not associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants David Howard Welch and Marc Jay Bryant are permanently restrained and enjoined from violating, directly or indirectly, Section 20(b) of the Exchange Act [15 U.S.C. § 78t(b)], by committing violations of the broker and dealer registration provisions of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], through or by means of other persons.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or

otherwise: (a) Defendants Howard Welch's and Marc Jay Bryant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Howard Welch or Marc Jay Bryant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants David Howard Welch, Marc Jay Bryant, Bio-Global Resources, Inc., and Diversified Equities Development, Inc. are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants David Howard Welch and Bio-Global Resources, Inc. are liable jointly and severally for disgorgement of $1,321,821.00, representing ill-gotten gains obtained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $151,243.97, for a total of $1,473,064.97. It is further ordered, adjudged and decreed that Defendants David Howard Welch and Bio-Global Resources, Inc. are each liable for a civil penalty in the amount of $1,321,821.00 pursuant to Section 20(d)(2)(B) of the Securities Act and Section 21(d)(3)(B)(ii) of the Exchange Act [15 U.S.C. §§ 77t(d)(2)(B) and 78u(d)(3)(B)(ii)]. Defendants David Howard Welch and Bio-Global Resources, Inc. shall satisfy these obligations by paying jointly and severally disgorgement and prejudgment interest totaling $1,473,064.97, and each paying separately a civil penalty of $1,321,821.00 to the SEC within 14 days after entry of this Judgment.

### VI.

Judgment as to Welch, Bryant, Bio-Global and Diversified Equities Development, Inc.

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Marc Jay Bryant is liable for disgorgement of $2,471,126.92, representing ill-gotten gains obtained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $455,358.22, and a civil penalty in the amount of $2,471,126.92, pursuant to Section 20(d)(2)(B) of the Securities Act and Section 21(d)(3)(B)(ii) of the Exchange Act [15 U.S.C. §§ 77t(d)(2)(B) and 78u(d)(3)(B)(ii)], for a total of $5,397,612.06. Defendant Marc Jay Bryant shall satisfy these obligations by paying $5,397,612.06 to the SEC within 14 days after entry of this Judgment.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Marc Jay Bryant, in addition to the amounts ordered above in Section VI, and Defendant Diversified Equities Development, Inc. are liable jointly and severally for disgorgement of $1,977,735.85, representing ill-gotten gains obtained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $245,099.11, for a total of $2,222,834.96. It is further ordered, adjudged and decreed that Defendants Marc Jay Bryant and Diversified Equities Development, Inc. are each liable for a civil penalty in the amount of $1,977,735.85, pursuant to Section 20(d)(2)(B) of the Securities Act and Section 21(d)(3)(B)(ii) of the Exchange Act [15 U.S.C. § 77t(d)(2)(B) and 78u(d)(3)(B)(ii)]. Defendants Marc Jay Bryant and Diversified Equities Development, Inc. shall satisfy these obligations by paying jointly and severally disgorgement and prejudgment interest totaling $2,222,834.96, and each paying separately a civil penalty of $1,977,735.85 to the SEC within 14 days after entry of this Judgment.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from

a bank account via Pay.gov through the SEC website at
http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified
check, bank cashier's check, or United States postal money order payable to the
Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Service Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the defendant making the payment in this action; and specifying that payment is made pursuant to this Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The SEC may enforce the Court's the portion of this Judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts

Judgment as to Welch, Bryant, Bio-Global and Diversified Equities Development, Inc.

6

ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that Defendants are entitled to, nor shall Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If a court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED: June 18, 2018.

```
                                    _____
                                            JOHN F. WALTER
                                    UNITED STATES DISTRICT JUDGE
```