NO JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID HOWARD WELCH,<br>MARC JAY BRYANT,<br>JOHN CHARLES KNIGHT,<br>PERRY DOUGLAS WEST,<br>BIO-GLOBAL RESOURCES, INC.,<br>DIVERSIFIED EQUITIES, INC.,<br>DIVERSIFIED EQUITIES<br>DEVELOPMENT, INC.,<br>and NEW GLOBAL ENERGY, INC.,<br><br>Defendants. | Case No. 5:17-cv-1968-JFW (AGRx)<br><br>Hon. John F. Walter<br><br>**FINAL JUDGMENT AS TO NEW GLOBAL ENERGY INC.** |

This matter came before the Court on the Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") unopposed motion for final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to Defendant New Global Energy Inc. ("Defendant"). The Securities and Exchange Commission having filed a Complaint and Defendant having entered a general appearance; consented to the

Court's jurisdiction over it and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Defendant New Global Energy Inc. is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant New Global Energy Inc. is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, with the right to apply for reentry after three years to the appropriate self-regulatory organization, or if there is none, to the Commission. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. 240.3a51-1].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant New Global Energy Inc. is liable for disgorgement of $1,203,899.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $171,063.00, for a total of $1,374,962.00. Based on Defendant New Global Energy Inc.'s sworn representations in its Statement of Financial Condition dated October 4, 2018, and other documents and information submitted to the Commission, however, the Court is not ordering New Global Energy to pay a civil penalty and payment of all disgorgement and prejudgment interest is waived. The determination not to impose a civil penalty and to waive payment of disgorgement and prejudgment interest is contingent upon the accuracy and completeness of New Global Energy Inc.'s Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that New Global Energy

Inc.'s representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant New Global Energy Inc.'s Consent is incorporated herein with the same force and effect as if fully set forth herein, and that it shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the

undertakings to:

    (a)    Accept the return of 1,000,000 shares of New Global Energy Inc. common stock from Perry Douglas West and cancel the common shares by returning them to treasury stock within 30 days of filing of the Consent;

    (b)    Cancel the May 2, 2016 Stock Option Agreement which provided Perry Douglas West with options to purchase 1,000,000 shares of New Global Energy Inc. at $0.30 per share, with the agreement to cancel the Stock Option Agreement to be signed within 30 days of the filing of the Consent;

    (c)    Enter into a written agreement with Perry Douglas West in which he waives payment of $400,292.00 in legal fees that the company owes to him for legal services, with the agreement to be signed within 30 days of the filing of the Consent; and

    (d)    Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Kurt L. Gottschall, Assistant Regional Director, 1961 Stout Street Suite 1700, Denver, Colorado 80294, no later than sixty (60) days from the date of the completion of the undertakings.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

**VI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 12/26/19

                                        _____
                                        JOHN F. WALTER
                                        UNITED STATES DISTRICT JUDGE