closed

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DAVID HOWARD WELCH, MARC JAY BRYANT, JOHN CHARLES KNIGHT, PERRY DOUGLAS WEST, BIO-GLOBAL RESOURCES, INC., DIVERSIFIED EQUITIES, INC., DIVERSIFIED EQUITIES DEVELOPMENT, INC., and NEW GLOBAL ENERGY, INC.,<br><br>                    Defendants. | Case No. 5:17-cv-1968-JFW (AGRx)<br><br>Hon. John F. Walter<br><br>**AMENDED FINAL JUDGMENT AS TO PERRY DOUGLAS WEST** |

This matter came before the Court on the Stipulation of Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") and Defendant Perry Douglas West to amend the final judgment entered against Mr. West on December 26, 2018.  [ECF No. 140], which request is granted.

The Commission having filed a Complaint and Defendant having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

Amended Final Judgment as to West
5:17-cv-1968-JFW

1

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Defendant Perry Douglas West is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Perry Douglas West is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, for three years from December 26,

1  2018.  A penny stock is any equity security that has a price of less than five dollars, except as

2  provided in Rule 3a51-1 under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R.

3  240.3a51-1].

4  ### III.

5  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

6  Perry Douglas West shall pay $30,000.00, pursuant to Section 20(d) of the Securities Act [17

7  U.S.C. § 77t(d)], to the SEC within 14 days after entry of this Final Judgment.  Defendant may

8  transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire

9  instructions upon request.  Payment may also be made directly from a bank account via Pay.gov

10  through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by

11  certified check, bank cashier's check, or United States postal money order payable to the Securities

12  and Exchange Commission, which shall be delivered or mailed to:

13  Enterprise Service Center
14  Accounts Receivable Branch
   6500 South MacArthur Boulevard
15  Oklahoma City, OK  73169

16  and shall be accompanied by a letter identifying the case title, civil action number, and name of this

17  Court, Perry Douglas West as the defendant in this action; and specifying that payment is made

18  pursuant to this Final Judgment.

19  Defendant shall simultaneously transmit photocopies of evidence of payment and case

20  identifying information to the Commission's counsel in this action.  By making this payment,

21  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of

22  the funds shall be returned to Defendant.  The Commission shall send the funds pursuant to this

23  Final Judgment to the United States Treasury.

24  The Commission may enforce the Court's judgment for civil penalties by moving for civil

25  contempt (and/or through other collection procedures authorized by law) at any time after 14 days

26  following entry of this Final Judgment.  Defendant shall pay post-judgment interest on any

27  delinquent amounts pursuant to 28 U.S.C. § 1961.

28

Amended Final Judgment as to West
5:17-cv-1968-JFW

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Perry Douglas West's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that he shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

(a)     Return to New Global Energy Inc. for cancellation 1,000,000 shares of New Global Energy Inc. common stock, with the agreement that the common shares will be returned to treasury stock of New Global Energy Inc. within 30 days of filing of the Consent;

(b)     Cancel the May 2, 2016 Stock Option Agreement with New Global Energy Inc., which provided West with options to purchase 1,000,000 shares of New Global Energy Inc. at $0.30 per share, with the agreement to cancel the Stock Option Agreement to be signed within 30 days of filing of the Consent;

(c)     Enter into a written agreement with New Global Energy Inc. in which West waives $400,292.00 in legal fees that the company owes to him for outstanding legal services, with the agreement waiving fees to be signed within 30 days of the filing of the Consent; and

(d)     Certify, in writing, compliance with the undertaking(s) set forth above.  The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence.  Defendant shall submit the certification and supporting material to Leslie J. Hughes, Securities and Exchange Commission, 1961 Stout Street Suite 1700, Denver, Colorado 80294, no later than sixty (60) days from the date of the completion of the undertakings.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant Perry Douglas West, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by

Defendant West under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Perry Douglas West of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  February 4, 2022

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE